Pablo J. CUADROS–VIVES, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General,[1] Respondent.

No. 08–3489–ag.

United States Court of Appeals, Second Circuit.

March 31, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Rahul D. Manchanda, Manchanda Law Offices, New York, NY, for Petitioner.

Anthony P. Nicastro, Office of Immigration Litigation (Ernesto H. Molina, Jr., Assistant Director, on the brief), for Gregory G. Katsas, Assistant Attorney General, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. CHRISTOPHER F. DRONEY, District Judge.[2]

## SUMMARY ORDER

Petitioner Pablo Jesus Cuadros–Vives seeks review of a final order of the Board of Immigration Appeals ("BIA"), which denied as untimely his motion to reopen. He argues—both in that motion and in his brief to our Court—that he suffered ineffective assistance of counsel, and that he is entitled to equitable tolling due to his counsel's failure to give him timely notification of his right to file a motion to reopen. The Government argues that we lack jurisdiction to hear the case, since Cuadros–Vives is an alien who is removable by reason of having committed a crime involving moral turpitude (three larcenies) and has failed to raise any constitutional issue or question of law regarding the BIA's denial of his untimely motion to reopen. We need not address the Government's jurisdictional argument, because assuming *arguendo* that we have jurisdiction, Cuadros–Vives' claims have no merits.

Cuadros–Vives argues that he received ineffective assistance of counsel because his first counsel failed to notify him of his right to file a motion to reopen. As a result, he alleges, he was unable timely to file that motion. *See* 8 C.F.R. § 1003.2(c)(2) (requiring a motion to reopen to be filed no later than 90 days from the date on which a final administrative decision was rendered). We have traditionally applied a two-part test in order to determine whether equitable tolling should apply in cases where an alien in removal proceedings alleges that he received ineffective assistance of counsel. *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir.2008). First, "the alien must show that his or her counsel's performance was so ineffective . . . [that it] impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *Id.* (internal quotations omitted). Second, the alien must demonstrate that he exercised due diligence in pursuing his claim. *Id.* at 131.

Cuadros–Vives has not shown due diligence. Indeed, even if we were to toll the 90 day filing period until August 27, 2007, when Cuadros–Vives retained his new counsel, the motion to reopen would have been due on November 25, 2007—months before February 11, 2008, when it was actually filed.

We have considered all of Cuadros–Vives' claims, and find them to be meritless.[3] Accordingly, we DENY the petition.

---

2. The Honorable Christopher F. Droney, United States District Court for the District of Connecticut, sitting by designation.

3. Because Cuadros–Vives' claims fail even under the *Rashid* line of cases, we need not consider the impact of *Matter of Compean,* 24

I. & N. Dec. 710 (A.G.2009) on ineffectiveness and tolling claims.